UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO ROBERT GONZALES, CDCR #C-74420,<br><br>                          Plaintiff,<br><br>vs.<br><br>JEFF MACOMBER, Secretary, et al.,<br><br>                      Defendants. | Case No.:  26cv1304-JES-SBC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, and**<br><br>**(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

//

//

//

//

//

//

//

//

1

26cv1304-JES-SBC

Plaintiff Gonzalo Robert Gonzales, a state prisoner proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 claiming he was provided inadequate medical care while housed at the R. J. Donovan Correctional Facility ("RJD") in San Diego, California. ECF No. 1. The Complaint is accompanied by a Motion to Proceed In Forma Pauperis ("IFP"). ECF No. 4.

## I.    Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

Plaintiff's prison certificate shows he had an average monthly balance of $64.94 and average monthly deposits of $56.67 for the 6-months preceding the filing of this action, and an available balance of $0.00. ECF No. 2 at 3. The Court **GRANTS** Plaintiff's motion to proceed IFP and declines to assess the initial partial filing fee of $12.98 because it

appears Plaintiff has insufficient funds to pay it. *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") Plaintiff remains obligated to pay the entire $350 filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

## II.    Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.    Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

 "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Determining whether a

3

26cv1304-JES-SBC

complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted).

### B. Allegations in the Complaint

Plaintiff alleges Defendant RJD Dr. Santos "tried to cover up Plaintiff Gonzales had cancer and blocked his access to medical tests, along with withholding a medical CT scan that was stopped by R.J.D. doctors." ECF No. 1 at 3. He alleges that all Defendants, listed as RJD Dr. Roberts, RJD Dr. Santos, and Jeff Macomber, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), "are acting in concert in a conspiracy against Plaintiff Gonzales." *Id*. He claims they "withheld crucial medical tests, and CT scans revealing he had cancer. Also, the diet of 'meals on wheels' prescribed by U.C.S.D.'s oncologist." *Id*. Plaintiff further alleges: "The defendant(s) wanted to terminate Gonzales's life by hiding the cancer diagnosis in a timely fashion." *Id*. He claims Macomber "knew that R.J. Donovan doctors(s) carried out the harm to destroy the lives of inmates." *Id*. at 2.

Plaintiff states that he is disabled within the meaning of the Americans with Disabilities Act ("ADA") and is vulnerable to attack by other inmates due to being in a wheelchair. *Id*. at 5. He alleges that RJD has attempted to "have predatory cell partners become his cell partner which Plaintiff refused because it is cruel and unusual punishment." *Id*. He alleges: "The doctors conspired to deny him a 'single cell status' as other inmates have who are disabled, wheelchair bound. Surgery is pending." *Id*.

Plaintiff claims he has been denied his rights "to medical care, freedom from cruel and unusual punishment, and racial bias," as well as "ADA violations." *Id*. at 3-4. He seeks damages, a permanent injunction providing him with his prescribed medical diet, and a temporary restraining order "to cease and desist medical harm." *Id*. at 6.

## C.    Analysis

Prisoner medical care may amount to cruel and unusual punishment in violation of the Eighth Amendment when medical professionals are "deliberately indifferent" to an inmate's "serious" medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014), quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id., quoting Wilson*, 501 U.S. at 302-03. A prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

The deliberate indifference prong of an Eighth Amendment violation "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. The Eighth Amendment is violated

26cv1304-JES-SBC

when a prison official, acting with deliberate indifference, exposes a prisoner to a sufficiently "substantial risk of serious harm" to his health. *Id*. at 843.

Plaintiff alleges Defendant Dr. Santos "tried to cover up" that he had cancer, "and blocked his access to medical tests along with withholding a medical CT scan that was stopped by R.J.D. doctors." ECF No. 1 at 3. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quote marks omitted). However, a prisoner can only establish deliberate indifference from such a delay where there is a purposeful act or failure to act by the prison official that results in harm. *Jett*, 439 F.3d at 1096.

The allegations in the Complaint that Dr. Santos tried to cover up Plaintiff's cancer diagnosis and blocked access to tests fail to establish how Plaintiff knows the test results were withheld, why he thinks they were withheld to cover up his diagnosis, for how long they were withheld, and what if any harm resulted. *See id.* (delay in medical care must result in harm). Without such allegations, Plaintiff does not plausibly allege Dr. Santos was aware of facts from which he could draw an inference that withholding the test results from Plaintiff would create a substantial risk to his health or safety, and that he actually drew such an inference. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) ("A prison official cannot be found liable under the Cruel and Unusual Punishment Clause [of the Eighth Amendment] . . . 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"), quoting *Farmer*, 511 U.S. at 837; *Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).  If Plaintiff wishes to proceed with a deliberate indifference claim against Dr. Santos, he must set forth specific factual allegations identifying what actions Dr. Santos took to try to cover up his cancer diagnosis, such as how and for how long he blocked Plaintiff's access to medical test results, what if any

26cv1304-JES-SBC

injury it caused, and that Dr. Santos did so deliberately while being aware that withholding the test results placed Plaintiff at a substantial risk of harm. *See Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety.") The conclusory allegation that Dr. Santos or the other Defendants "wanted to terminate Gonzales's life" fails to state a claim for relief. *See Iqbal,* 556 U.S. at 678 (conclusory allegations "fall short of meeting th[e] plausibility standard").

Plaintiff next alleges that Dr. Santos, Dr. Roberts and Secretary Macomber "are acting in concert in a conspiracy against Plaintiff," and they "withheld crucial medical tests, and CT scans revealing he had cancer. Also, the diet of 'meals on wheels' prescribed by U.C.S.D.'s oncologist." ECF No. 1 at 2-3. He alleges: "The defendant(s) wanted to terminate Gonzales's life by hiding the cancer diagnosis in a timely fashion," and claims Secretary Macomber "knew that R.J. Donovan doctors(s) carried out the harm to destroy the lives of inmates." *Id*. at 2. These allegations are also too conclusory to plausibly state an Eighth Amendment claim, as they do not identify facts upon which Plaintiff bases his allegation that the Defendants conspired to delay his obtaining information about his cancer diagnosis, or what actions they have taken or failed to take which has denied him the diet recommended by an oncologist. *See Iqbal,* 556 U.S. at 678 (the "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting th[e] plausibility standard). If Plaintiff wishes to pursue a claim against these Defendants, he must identify what act each person took which he contends violated his constitutional right to adequate medical care. *Id*.; *see also Adobe Sys. Inc. v. Blue Source Grp. Inc*., 125 F.Supp.3d 945, 964 (N.D. Cal. 2015) ("[A] complaint which 'lump(s) together . . . multiple defendants in one broad allegation fails to satisfy (the) notice requirement of Rule 8(a)(2).'"), quoting *Gen-Probe, Inc. v. Amoco Corp*., 926 F. Supp. 948, 961 (S.D. Cal. 1996) ("[C]onfusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint.")

Plaintiff next claims he is vulnerable to attack by other inmates due to being in a

26cv1304-JES-SBC

wheelchair, and that RJD has attempted to "have predatory cell partners become his cell partner which Plaintiff refused because it is cruel and unusual punishment." ECF No. 1 at 5. He alleges "[t]he doctors conspired to deny him a 'single cell status' as other inmates have who are disabled, wheelchair bound." *Id*. Prison officials have a duty under the Eighth Amendment "to take reasonable measures to guarantee the safety of inmates, which has been interpreted as a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013), citing *Farmer*, 511 U.S. at 832-33. A prisoner must "show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate." *Id*. Plaintiff has not set forth any *factual* allegations which plausibly show that any Defendant was deliberately indifferent to a substantial risk of harm or injury by showing they knew of and disregarded an excessive risk to his health or safety by housing him with a particular inmate on a particular occasion or failing to house him in a single cell. *Id*.; *Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).

Plaintiff's allegation that he has been denied his right to "racial bias," ECF No. 1 at 3, is too conclusory to state a claim, as it contains no factual allegations plausibly suggesting any action was taken on account of his race. *See Washington v. Davis*, 426 U.S. 229, 239 (1976) ("The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race."); *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("[D]iscrimination means that a defendant acted at least in part *because* of a plaintiff's protected status.") Likewise, the allegation that Plaintiff suffered "ADA violations," ECF No. 1 at 4, fails to state a claim because it does not allege any Defendant took any action *because* of his disability. *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007).

Based on the foregoing, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

//

26cv1304-JES-SBC

**D.   Leave to Amend**

In light of Plaintiff's pro se status, the Court grants leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**III.   Conclusion and Orders**

For the reasons set forth above, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 4].

2.   **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4.   **DISMISSES** all claims against all Defendants in the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

5.   **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order with respect to any or all other Defendants. Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered

26cv1304-JES-SBC

waived if not repled.") If Plaintiff fails to amend, the Court will dismiss this action for failure to state a claim and failure to prosecute. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated:  May 13, 2026

Honorable James E. Simmons Jr.
United States District Judge

26cv1304-JES-SBC